UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH STANLEY PIGOTT, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C04-1395-MJP |
| | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| HOWARD L. PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This case involves a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has previously been granted leave to proceed *in forma pauperis*. Service has not been ordered. The Court, having considered Plaintiff's complaint, and the balance of the record, recommends that this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## II. BACKGROUND

In June 2004, Plaintiff submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #4. In the complaint, Plaintiff appeared to allege that his conviction was invalid because the State of Washington does not have jurisdiction over him. He named the following as defendants: attorneys Howard L. Phillips and Carl Andrew Colarsurdo; Judge Nicole MacInnes; and the State of

REPORT AND RECOMMENDATION
Page - 1

Washington. Plaintiff requested various forms of declaratory relief, as well as release from confinement and twenty billion dollars in damages. *Id.* at 4.

On July 18, 2004, this Court issued an order declining to order service on the Defendants because a § 1983 claim that calls into question the lawfulness of the plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Court granted Plaintiff leave to file an amended complaint[1] demonstrating that his §1983 claims are not barred by *Heck.* Dkt. # 5.

In response to the July, 2004 Order, Plaintiff filed an amended § 1983 complaint, where, as in his original complaint, Plaintiff states that he is a "Preamble Free inhabitant qualified, Common Law, Aboriginal Native and Hakdar born National of the General Government of the United States of America." Dkt. #7. Plaintiff named only two defendants in the amended complaint: the State of Washington and King County. To the extent that his amended complaint can be understood, Plaintiff claims that the defendants acted under color of law and defendants' "conduct deprived Plaintiff of a constitutional right of the Preamble Sovereign-Posterity National/Citizen." *Id.* at p. 5. He requests both declaratory relief and one billion dollars in damages.

## III. DISCUSSION

Plaintiff's complaint is deficient and is subject to dismissal pursuant to § 1915(e)(2)(B)(ii). In order to sustain a cause of action under § 1983, Plaintiff must show

---

[1] Plaintiff was advised that the amended complaint shall operate as a complete substitute for the original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.); *cert. denied*, 506 U.S. 915 (1992).

REPORT AND RECOMMENDATION
Page - 2

(1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how the individually named defendants caused or personally participated in causing the alleged harm. *See Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In the present case, because Plaintiff names the State of Washington as a defendant, he has failed to state a claim pursuant to § 1983. States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Doe v. Lawrence Livermore Nat'l Lab*, 131 F.3d 836, 839 (9th Cir. 1997). Thus, Plaintiff's claim against the state is legally frivolous because it is without arguable legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff has also named King County as a defendant. However, a local governmental unit, such as King County, may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992). Rather, in order to sue King County, Plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a "custom or policy" of the county. *Board of County Comm'rs v. Brown*, 117 S.Ct. 1382, 1388 (1997); *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996); *Navarro v. Block*, 72 F.3d 712, 714-15 (9th Cir. 1996). Here, Plaintiff has not only failed to allege which of his federally protected rights were violated, he has also failed to make any claims or include any facts showing that any alleged constitutional violations were the

REPORT AND RECOMMENDATION
Page - 3

1  result of a "custom or policy" of King County.   For these reasons, Plaintiff's complaint
2  fails to state a claim under § 1983.

### IV.  CONCLUSION

For the reasons stated above, I recommend that this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A proposed order accompanies this Report and Recommendation.

DATED this 15th day of June, 2005.

*/s/ M.J. Benton*
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4